OPINION
{¶ 1} Appellant, Dale L. Tackett, appeals from the judgment entry of sentence of the Ashtabula County Court of Common Pleas. We vacate the sentence, and remand for resentencing.
 {¶ 2} On March 7, 2005, appellant was indicted by the Ashtabula County Grand Jury on one count of receiving stolen property, a felony of the fourth degree, in violation of R.C.2913.51. Appellant pled not guilty and the matter proceeded to jury trial. On May 18, 2005, the jury found appellant guilty.
 {¶ 3} On July 15, 2005, after the preparation of a pre-sentence investigation report, the trial court sentenced appellant to a prison term of seventeen months, more than the minimum sentence.
 {¶ 4} It is from that judgment that appellant filed a timely appeal and raises the following two assignments of error for our review:
 {¶ 5} "1. The Ashtabula County Court of Common Pleas erred to the prejudice of the appellant when it sentenced him to a term of imprisonment in excess of the minimum term for a felony of the fourth degree without the jury having made the finding required by Ohio Revised Code Section 2929.14(B).
 {¶ 6} "2. The Ashtabula County Court of Common Pleas erred to the prejudice of appellant when it sentenced him to more than the minimum term of imprisonment for a felony of the fourth degree without finding `on the record' at the sentencing hearing that the minimum term of imprisonment would demean the seriousness of the offender's conduct or will not protect the public from future crime by the offender or others."
 {¶ 7} For the following reasons we agree with appellant's assignments of error, and hereby vacate the sentence and remand this matter for resentencing.
 {¶ 8} In sentencing appellant, the trial court relied upon judicial factfinding, formerly mandated by statute, but now deemed unconstitutional and void by the Supreme Court of Ohio. On that basis, appellant's assignments of error are with merit.
 {¶ 9} Appellant's sentence in this case is impacted by the recent decision of the Supreme Court of Ohio in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. In Foster, the Supreme Court held that R.C. 2929.14 (B) and (C) and R.C.2929.19(B)(2) are unconstitutional for violating the Sixth Amendment because they deprive a defendant of the right to a jury trial, pursuant to Apprendi v. New Jersey (2000), 530 U.S. 466, and Blakely v. Washington (2004), 542 U.S. 296.
 {¶ 10} Further, pursuant to United States v. Booker (2005),543 U.S. 220, the Supreme Court's remedy was to sever the unconstitutional provisions of the Revised Code, including R.C.2929.14(B) and (C) and R.C. 2929.19(B)(2). After severance, judicial factfinding is not required before imposing a sentence within the basic ranges authorized by R.C. 2929.14(A) based on a jury verdict or admission of the defendant. Foster at paragraph two of the syllabus.
 {¶ 11} Since Foster was released while this case was pending on direct review, appellant's sentence is void, must be vacated, and remanded for resentencing. Foster at ¶ 103-104. Upon remand, the trial court is no longer required to make findings or give its reasons for imposing maximum, consecutive or more than minimum sentences. Id. at paragraph seven of the syllabus.
 {¶ 12} The sentence of the Ashtabula County Court of Common Pleas is vacated. This matter is remanded for resentencing and for proceedings consistent with this opinion pursuant toFoster.
Ford, P.J. O'Neill, J., concur.